IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| J.C., | : | |
|     Plaintiff, | : | |
| VS. | : | 7:24-CV-081 (ALS) |
| Commissioner of Social Security, | : | |
|     Defendant. | : | |

**ORDER**

This Social Security appeal is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 17). The Court entered an order reversing the Commissioner's decision in this matter and remanding it to the administrative level for further proceedings. (Doc. 15). Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act ("EAJA"). Plaintiff seeks a total fee of $11,861.63 for 47.1 hours of work, resulting in an effective hourly rate of approximately $251.84. (Doc. 17-1 at 4). Plaintiff states that the Commissioner does not oppose the motion. (Doc. 17 at 2).

**Discussion**

The EAJA, as codified at § 2412(d)(1)(A), provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Under § 2412(a), a judgment of costs may include the filing fee. A court may also award reasonable expenses of attorneys in addition to costs. 28 U.S.C. § 2412(b). "EAJA fees are

calculated under the lodestar method by examining the attorney's reasonable hours expended and her reasonable hourly rate." *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010) (Sotomayor, J., concurring). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher rate." 28 U.S.C. § 2412(d)(2)(A)(ii); *United States v. Aisenberg*, 358 F.3d 1327, 1342 (11th Cir. 2004).

In this case, the Commissioner does not challenge the amount of fees sought, Plaintiff's status as the prevailing party, or the justification for an award of attorney's fees. When an award is appropriate, the Court must also review the petition to determine whether the number of hours requested, the hourly rate requested, and the resulting fees are reasonable. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff's itemized calculation of 47.1 hours appears to be reasonable under the circumstances. *See N.S. v. Comm'r of Soc. Sec.,* 2024 WL 3548772 (M.D. Ga. 2024) (granting an EAJA award for 56 hours)*; Tonya A. v. Comm'r of Soc. Sec*, 2022 WL 16709178 (surveying Social Security disability cases which suggest a range of 40-60 hours may be reasonable in light of nature of the case). The Court finds that the hourly rates requested are reasonable, as they are in line with the market rate for similar services in this district. *Moore v. Astrue,* 2012 WL 2343667, *2 (M.D. Ga. June 20, 2012) (explaining that "courts in the Middle District regularly allow for upward adjustments when the market rate exceeds the statutory cap"); *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992) (EAJA hourly rate cap is adjusted for cost of living increases).

Additionally, the effective hourly rate of approximately $251.84 is not in excess of the CPI adjusted statutory rate. *See Lawton v. Astrue*, 2012 WL 1119459 at *1, n. 1 (M.D. Ga. 2012) (describing the formula for calculating the CPI adjusted rate). Plaintiff's counsel asserts he has contacted counsel for the Commissioner and was informed that the Commissioner does not oppose

the fee requested by Plaintiff. (Doc. 17 at 2.) The Commissioner has filed no response to Plaintiff's Motion.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 17) is **GRANTED**, and that Plaintiff receive attorney's fees in the amount of $11,861.63. Pursuant to the dictates of *Astrue v. Ratliff*, 560 U.S. 586 (2010), payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept an assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

**SO ORDERED**, this 9th day of July, 2025.

*s/ ALFREDA L. SHEPPARD*
UNITED STATES MAGISTRATE JUDGE